# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MARY KATHLEEN DAVIS, | ) | CASE NO.:  1:08CV726 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| WOIO, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Motion to Remand this action to state court (Doc. 8) filed by Plaintiff Mary Kathleen Davis.  Defendants WOIO, LLC, Raycom National, LLC, Daniel Salamone, and William Applegate filed a Memorandum in Opposition to the Motion.  Doc. 11.  The Court has been advised, having reviewed the parties' briefs and the applicable law.  For the reasons stated herein, Plaintiff's Motion to Remand is DENIED.

## I.    Facts

Plaintiff filed her complaint on February 14, 2008, in the Cuyahoga County Court of Common Pleas.  In her complaint, Plaintiff alleged that beginning in 2003 she was an associate producer for Defendants.  During her employment, she was titled a freelance journalist.  As a result, she did not "receive any fringe benefits."  Doc. 1-2 at 3.  In late 2005, Plaintiff filed an SS-8 Form with the Internal Revenue Service seeking a determination of her status as an employee for purposes of filing taxes.  Plaintiff alleges that the IRS contacted her employer and the employee conceded that "she should have received benefits and withholding."  Doc. 1-2 at 4.  Plaintiff contends that within a week

of having this conversation, she was terminated by Defendants.  Plaintiff was then rehired

a short time later as "part-time employee."  Doc. 1-2 at 5.  Based upon those facts,

Plaintiff asserts that she was discharged in violation of public policy.  In her complaint,

Plaintiff sought damages including "wages, benefits, and other privileges and conditions

of employment."  Doc. 1-2 at 6.

On March 24, 2008, Defendants removed the matter to this Court.  In their

removal notice, Defendants contended that Plaintiffs claims were "artfully pled" ERISA

claims.  Doc. 1 at 3.  On April 21, 2008, Plaintiff moved to remand this matter to state

court.  In her motion, Plaintiff asserts that she did not make a claim for benefits, allege

that she was terminated for seeking benefits, or that Defendants acted with a benefits

defeating motive when she was terminated.  Plaintiff, therefore, concludes that she has

pled only a state law claim for wrongful discharge in violation of public policy.

Defendants responded in opposition to the motion of May 8, 2008.  Defendants

assert that the facts that were pled clearly indicate that Plaintiff's claim is preempted by

ERISA.  Specifically, Defendants note that Plaintiff has conceded that she seeks benefits

that she should have received as a properly classified employee.  The matter now appears

before this Court.

## II.     Legal Standard

In order to invoke the Court's removal jurisdiction, Defendants must show that

the Court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  The burden of

showing that the Court has original jurisdiction is on the party seeking removal.  *Eastman*

*v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).  Because the removal

statutes implicate federalism concerns, they are to be narrowly construed against removal.  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Removal jurisdiction in this matter was based on 28 U.S.C. § 1441(b), which allows the removal of actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States[.]"  In determining whether a case was properly removed as "arising under" federal law, federal courts apply the "well-pleaded complaint" rule.  *Long*, 201 F.3d at 758 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92 (1987)).  This rule allows for a finding of federal jurisdiction only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  *Id.*  "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

**III.    Analysis**

The relevant preemption clause to this matter states that the Employee Retirement Income Security Act "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan[.]" 29 U.S.C. § 1144(a).  This clause was interpreted to preempt state law claims that would allow employee benefit plan beneficiaries to "obtain remedies under state law that Congress rejected in ERISA."  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).  This interpretation gives effect to Congress's intent "that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits."  *See Id.* at 52.  The Sixth Circuit has given

broad meaning to the preemption provision, noting that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA."  *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

> In determining whether ERISA preempts state common law causes of action for wrongful termination, courts focus on the employer's alleged motivation in terminating the employee, concluding that a claim is preempted when the complaint alleges that "the employer had a pension-defeating motive in terminating the employment."

*Welsh v. Wachovia Securities, LLC*, Case No. 1:06CV601, 2007 WL 2407068, at *1 (N.D.Ohio Aug. 22, 2007) (quoting *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 140 (1990)).

Upon review, this Court finds that ERISA preempts Plaintiff's claim of wrongful discharge.  Section 510 of ERISA provides as follows:

> It shall be unlawful for any person to discharge … or discriminate against a participant or beneficiary for … for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[.]

29 U.S.C. § 1140.  The sole mechanism for enforcing this right is contained in Section 502 of ERISA.  *Ingersoll-Rand*, 498 U.S. at 145.

According to Plaintiff, she was terminated within one week of her employer conceding that "she should have received benefits."  Moreover, there is no dispute that the benefits that Plaintiff alleged she should have received are welfare benefit plans as defined by ERISA.  While Plaintiff contends that her purpose in seeking an SS-8 determination is solely related to tax consequences, it is clear that the Defendants' alleged motivation for terminating Plaintiff was at least in part to defeat or interfere with her claim for benefits.  *See Welsch v. Empire Plastics, Inc.*, 215 F.3d 1328, at *4 (table decision) (noting that a plaintiff need only demonstrate that the interference was a

motivating factor, not the sole factor in the decision process).  Furthermore, in her prayer

for relief, Plaintiff seeks the benefits she was allegedly improperly denied.

Consequently, Plaintiff's claim is preempted by ERISA and removal was appropriate.

## IV.     Conclusion

For the reasons stated herein, Plaintiff's motion to remand is DENIED.

So ordered.


Dated: May 20, 2008               _____/s/ Judge John R. Adams_____
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT